# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

EARNEST L. JOHNSON, JR.,

 Plaintiff,

v.                      Case No. 09-C-1094

INTERNATIONAL LONGSHOREMAN'S
ASSOCIATION, LOCAL 815, AFL-CIO,

 Defendant.

## DECISION AND ORDER

### NATURE OF CASE

  The plaintiff filed a pro se complaint on November 20, 2009, alleging discrimination based on race. This matter comes before the court on the defendant's motion to dismiss the complaint under Fed. R. Civ. P. 8(a)(2).

  The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a) (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.).

### MOTION TO DISMISS

  In moving to dismiss the complaint, the defendant asserts that the plaintiff has not complied with Rule 8(a)(2) of the Federal Rules of Civil Procedure. To state a cognizable

claim under this rule, and under the federal notice pleading system generally, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 [1957]). However, a complaint that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "'that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S.Ct. at 1950. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

## DISCUSSION

Although the plaintiff filed his complaint using the proper pro se civil complaint form, he did not complete the section entitled "Statement of Claim" which required him to "state as briefly as possible the *essential elements* of [his] case." (Complaint at 2). Instead, he attached a March 3, 2009, document relating to his Equal Rights Division (ERD) and Equal Employment Opportunity Commission (EEOC) cases. The document does not provide a description of his actual claim, but merely directs the court's attention to "the following pages that will express further in detail the nature of these events that occurred while employed" by the defendant. (Complaint at 3 [unpaginated]). Those "following pages" consist of 82 pages of various types of documents, from which it is impossible to determine the facts and events that form the basis of the plaintiff's claims.

Not only does the complaint fail to comply with Rule 8 of the Federal Rules of Civil Procedure, there is a possibility that in reading through these documents and attempting to define the plaintiff's claims, some of the claims the plaintiff seeks to assert might be missed. Although the plaintiff has failed to comply with Rule 8 by simply, concisely, and directly stating his claim, the court will grant the plaintiff leave to re-plead his complaint by setting forth his claims in conformity with the requirements of Rule 8(a)(2). Such amended complaint must be filed on or before April 2, 2010. At this juncture, the defendant's motion to dismiss will be denied without prejudice. (Docket # 10).

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that on or before **April 2, 2010**, the plaintiff shall file an amended complaint curing the defects in the original complaint as described herein.

- 3 -

Failure to file a response by **April 2, 2010**, may result in dismissal of this action for lack of diligence in prosecuting this case, pursuant to Civil Local Rule 41(c) (E.D. Wis.) (copy enclosed) and Federal Rule of Civil Procedure 41(b).

**IT IS FURTHER ORDERED** that the defendant's motion to dismiss be and hereby is **denied without prejudice**. (Docket # 10).

**IT IS ALSO ORDERED** that the Clerk of Court shall send the plaintiff a pro se civil complaint form and instructions.

Dated at Milwaukee, Wisconsin this 2nd day of March, 2010.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge

- 4 -

**Civil L. R. 41. Dismissal of Actions.**

**(c) Dismissal for Lack of Diligence.** Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice. Any affected party may petition for reinstatement of the action within 21 days.

United States District Court
Eastern District of Wisconsin

Local Rules
February 1, 2010