# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

EARNEST L. JOHNSON, JR.,

    Plaintiff,

    v.        Case No. 09-C-1094

INTERNATIONAL LONGSHOREMAN'S
ASSOCIATION, LOCAL 815, AFL-CIO,

    Defendant.

## ORDER

The plaintiff filed a pro se complaint on November 20, 2009, against the defendant, International Longshoreman's Association, Local 815, AFL-CIO, alleging discrimination in job assignments and work hours based on his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 20002 et seq. The plaintiff was granted leave to proceed in forma pauperis. On February 5, 2010, the defendant filed a motion to dismiss the complaint under Fed. R. Civ. P. 8(a)(2). The court denied the defendant's motion and ordered the plaintiff to file an amended complaint curing the defects as set forth in the decision. The plaintiff subsequently filed an amended complaint and the defendant filed an answer.

On July 28, 2010, the court entered an order staying this action until January 28, 2011, because the plaintiff was incarcerated and unable to prosecute his case. By order dated February 11, 2011, the court lifted the stay and set discovery and dispositive motion deadlines. The plaintiff has filed the following motions: (1) motion to be produced at next court date

(Docket #39); (2) motion for subpoena of witnesses (Docket #43); (3) motion to amend complaint (Docket #44); and (4) motion to appoint counsel (Docket #45).

The plaintiff's first motion seeks a court order so that he can attend the next court date. Currently there are no scheduled hearings or other court dates. Thus, it is not necessary for the court to enter an order. Accordingly, the plaintiff's motion will be denied.

The plaintiff also filed a motion for subpoena of witnesses. The plaintiff asks the court to send subpoenas to a number of witnesses. The plaintiff does not indicate whether he seeks to subpoena these witnesses to testify at trial or for some other reason. No trial date is scheduled. Moreover, once a trial date is scheduled, if a proposed witness is not incarcerated and will voluntarily testify, it would be the plaintiff's responsibility to notify the witness of the time and date of trial. No action need be sought or obtained from the court. If, however, a proposed witness is not incarcerated and will not testify voluntarily, the plaintiff can subpoena that witness. See Rule 45(a) of the Federal Rules of Civil Procedure. The plaintiff must deliver a witness fee of forty dollars ($40.00) per day, plus travel expenses, to the United States Marshal before the Marshal will serve a subpoena requiring a witness to appear. Blank subpoenas may be obtained from the Clerk of Court. Accordingly, the plaintiff's motion for subpoena of witnesses will be denied.

The plaintiff filed a motion to amend the complaint. The plaintiff filed an amended complaint on April 1, 2010. By his motion, the plaintiff seeks to file a second amended complaint to add the following prayers for relief:

1. For violations of the equal protection clause of the fourteenth amendment to the U.S. Constitution, plaintiff requests compensatory damages in the amount of $100,000.00.
2. For the callous retaliation by the defendants when the plaintiff complained to the Equal Employment Opportunity Commission, and the Nation [sic] Labor Relations

-2-

> Board, which led to the near fatal accident which still affects the plaintiff's health, the plaintiff requests punitive damages in the amount of $2,500,000.00 from the defendants.
> 3. The plaintiff requests injunctive relief in the form of a prohibition order to prevent defendants [sic] from terminating plaintiff's witnesses who want to testify for the plaintiff at the trial in this matter.

(Motion to Amend Complaint at 1).

Civil Local Rule 15(b) (E.D. Wis.) provides: "A motion to amend a pleading must state specifically what changes are sought by the proposed amendments. The proposed amended pleading must be filed as an attachment to the motion to amend." While the motion specifically states what changes the plaintiff seeks, he did not attach a copy of his amended complaint to his motion to amend. Additionally, the amendments the plaintiff seeks to make are either unnecessary or futile. Rule 15(a) of the Federal Rules of Civil Procedure states that leave to file an amended complaint "shall be freely given when justice so requires." The Supreme Court has explained the meaning of "freely given" as used in Rule 15(a) by stating:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require be freely given.

Foman v. Davis, 371 U.S. 178, 182 (1962).

The plaintiff's complaint alleges discrimination on the basis of race; it does not allege a violation of the equal protection clause of the Fourteenth Amendment. Moreover, punitive damages do not have to be specifically pled. Soltys v. Costello, 520 F.3d 737, 742-44 (7th Cir. 2008). Finally, the plaintiff cannot seek an injunction preventing the defendant from terminating his witnesses. Accordingly, the plaintiff's motion to amend the complaint will be denied without prejudice.

-3-

On April 14, 2011, the plaintiff filed a motion for appointment of counsel. Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992); McKeever v. Israel, 689 F.2d 1315, 1318 (7th Cir. 1982). This court is authorized to request, but not to compel (see Mallard v. United States Dist. Court for Southern Dist. of Iowa, 490 U.S. 296 [1989]), an attorney to represent an indigent civil litigant pursuant to Title 28, United States Code, § 1915(d). Jackson, 953 F.2d at 1071; McKeever, 689 F.2d at 1318. However, this court has no access to funds to compensate attorneys for such representation. This court, therefore, appoints counsel under § 1915(d) only in the rare case where the failure to appoint counsel would be so fundamentally unfair that the plaintiff's due process rights would be violated. McNeil v. Lowney, 831 F.2d 1368, 1371 (7th Cir. 1987).

The threshold requirement for appointment of counsel under § 1915(d) is whether a plaintiff has made a reasonable, but unsuccessful, effort to retain counsel, or whether the plaintiff was effectively precluded from making such efforts. Jackson, 953 F.2d at 1073. If a plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. Id.

Once this initial requirement is met, the court, in exercising its discretion with regard to plaintiff's request, must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. See Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993), vacated on other grounds, 511 U.S. 825 (1994).

In this case, the plaintiff has not provided any indication that he has unsuccessfully attempted to obtain legal counsel on his own. In addition, the issues in this case appear at this

-4-

stage to be straightforward and uncomplicated. Accordingly, the plaintiff's request for appointment of counsel will be denied without prejudice.

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that plaintiff's motion to be produced at next court date be and hereby is **denied**. (Docket #39).

**IT IS FURTHER ORDERED** that plaintiff's motion for subpoena of witnesses be and hereby is denied. (Docket #43).

**IT IS ALSO ORDERED** that the plaintiff's motion to amend the complaint be and hereby is **denied.** (Docket #44).

**FINALLY, IT IS ORDERED** that the plaintiff's motion to appoint counsel be and hereby is **denied.** (Docket #45).

Dated at Milwaukee, Wisconsin, this 6th day of June, 2011.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge